IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

DALE MCKINLEY MONTFORD  :
#55719-083
                                                             :
   Petitioner
                                                             :
   v.                                                                Civil Action No. DKC-07-841
                                                             :
LISA HOLLINGSWORTH, WARDEN
                                                             :
   Respondent

o0o
**MEMORANDUM**

Dale McKinley Montford, an inmate at the Federal Correctional Institution Cumberland, filed this §28 U.S.C. §2241 petition for writ of habeas corpus challenging his sentence and his payment of court-ordered fines and restitution through his Inmate Financial Responsibility Plan ("IFRP"). As relief, Montford asks this court to declare the imposition of the special assessment and restitution unconstitutional, to compel the Bureau of Prisons ("BOP") to restore the money he has paid, and to order his release. Respondent, through counsel, has filed a motion to dismiss, or in the alternative for summary judgment. Upon review of the pleadings, exhibits, and applicable law, the court determines that a hearing is unnecessary and the petition will be dismissed.

Montford pleaded guilty in the United States District Court for the Eastern District of Virginia to violating 18 U.S.C. §2113(b), bank larceny (felony). On September 14, 2004, the court sentenced him to fifty-two months incarceration, three years of supervised release and a $100.00 special assessment and ordered him to pay restitution of $24,142.38. The court ordered that both amounts were due in full immediately. *See United States v. Montford*, Criminal Action No. 04-45 (E.D.Va.; *see also* Resp. Ex. 1, Att.).

A petitioner must exhaust administrative remedies before bringing a §2241 action. *See*

*Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987). [1] The BOP has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. *See* 28 C.F.R. § 542.10 *et seq.* An inmate may first attempt informal resolution. If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. §542.14. If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, DC, using the appropriate forms. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See* 28 C.F.R. §542.15(a).

Montford has not exhausted his claims through the administrative process and he fails to allege cause for his failure to do so. Accordingly, Montford's claims disputing payment of the assessment and restitution through the IFRP will be dismissed.

Further, Montford's claim that the Bureau of Prisons ("BOP") lacks authority to compel him to pay the restitution and assessment imposed by the sentencing court is without legal merit. There is ample case precedent for the proposition that BOP has the discretion to place an inmate in the

---

[1] *See e.g. Asare v. U.S. Parole Commission*, 2 F. 3d 540, 544 (4th Cir. 1993); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *McClung v. Shearin*, 90 Fed. Appx. 444 (4th Cir. 2004); *Miller v. Clark,* 958 F. 2d 368 (4th Cir. 1992) (table). The purpose of the exhaustion requirement is to provide a possible solution to the inmate's claim, thereby obviating the need for litigation.

IFRP when the sentencing court has ordered immediate payment of the court-imposed fine. *See McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999); *Montano-Figueroa v. Crabtree,* 162 F.3d 548, 549-50 (9th Cir.1998)) *see also* 28 C.F.R. § 545.11 (requiring inmates to make payments towards court-ordered obligations, including fines). The IFRP has uniformly been upheld against constitutional due process challenges. *See Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990); *James v. Quinlan*, 866 F.2d 627, 629 (3rd Cir. 1989); *United States v. Callan*, 96 F. Appx. 299, 301 (6th Cir. 2004)(noting that the authority that exists supports the IFRP against general as well as due process challenges). The Fourth Circuit has consistently upheld the propriety of collecting fines and special assessments through the IFRP. *See, e.g., United States v. Espinoza-Cartagena*, 23 Fed.Appx. 187 (4th Cir. 2002) (unpublished); *United States v. Walker*, 83 F.3d 94 (4th Cir. 1996); *United States v. Francisco*, 35 F. 3d 116, 122 (4th Cir. 1994).

Plaintiff's apparent reliance on *United States v. Johnson,* 48 F.3d 806 (4th Cir. 1995) and *United States v. Miller*, 77 F.3d 71 (4th Cir. 1996) is misplaced. In those cases, the Fourth Circuit stated that a district court may not delegate its authority to set the amount and timing of fines or restitution to the BOP. *See Johnson,* 48 F.3d at 808-09*; Miller*, 77 F. F.3d at 77. The Fourth Circuit also indicated that a court may, while retaining ultimate responsibility for setting the timing and amount of payments, enlist the assistance of other nonjudicial entities to effect collection. *See id.* In this case, the sentencing court established both the amount and timing of the payments. Consequently, *Johnson* and *Miller* do not apply to the facts presented here.

Montford's allegations that :1) the sentencing court's imposition of monetary penalties and imprisonment violate principles of double jeopardy; 2) the sentencing court imposed a sentence in

3

excess of the plea agreement; and 3) trial counsel coerced him to plead guilty, challenge his underlying criminal conviction and sentence, not the execution of his sentence. These claims are properly presented in a 28 U.S.C. §2255 motion to vacate, correct or set aside before the sentencing court, the United States District Court for the Eastern District of Virginia. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).[2]

## Conclusion

For the reasons stated herein, the court will dismiss the petition without prejudice by separate order.


___September 24, 2007___                                             _____/s/_____
Date                                                                                      DEBORAH K. CHASANOW
                                                                                              United States District Judge

---

[2] These claims appear to be time-barred under the one-year limitations period that applies to 28 U.S.C. §2255 proceedings. Further, electronic records accessed through the Pacer system show that Montford's first 28 U.S.C. §2255 motion was denied on July 15, 2005. *See Montford v. United States,* Civil Action No. 4:05cv37 (E.D. Va.). As such, Montford may not bring a second or successive §2255 petition in the sentencing court without first obtaining authorization from the United States Court of Appeals for the Fourth Circuit.